**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and HOWARD MCDOUGALL, Trustee, <br><br> Plaintiffs, <br><br> v. <br><br> E.J. MEYER & SONS, INC., an Ohio corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

07cv6456
JUDGE HIBBLER
MAG. JUDGE COX

FILED
J:N  NOV 14 2007
11-14-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**COMPLAINT TO VACATE OR MODIFY ARBITRATION AWARD**

Plaintiffs, the Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, one of its present trustee, for a cause of action against Defendant E.J. Meyer & Sons, Inc. ("Meyer"), allege as follows:

**JURISDICTION AND VENUE**

1. This is an action to vacate or modify an arbitration award issued under Section 4221(b)(2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multemployer Pension Plan Amendments Act of 1980 (the "MPPAA"), 29 U.S.C. §1401(b)(2).

2. This Court has jurisdiction over this action pursuant to ERISA Sections 4221(b)(2) and 4301(c), 29 U.S.C. §§ 1401(b)(2) and 1451(c).

3. Venue lies in this Court under ERISA Sections 502(e)(2), 4221(b)(2) and 4301(d), 29 U.S.C. §§ 1132(e)(2), 1401(b)(2) and 1451(d), because the Central States,

Southeast and Southwest Areas Pension Fund is administered at its principal place of business located in Rosemont, Cook County, Illinois. Venue is also proper in this district pursuant to the terms of Appendix E to the Central States Pension Plan.

## PARTIES

4. Plaintiff the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") is a multiemployer pension plan within the meaning of ERISA Sections 3(37) and 4001(a)(3), 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. Plaintiff Howard McDougall is a present trustee of the Pension Fund and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of ERISA Section 4001(a)(10), 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Cook County, Illinois.

6. Pursuant to ERISA Sections 502(a)(3), 4221(b)(2), and 4301(a)(1), 29 U.S.C. §§ 1132(a)(3), 1401(b)(2) and 1451(a)(1), the Trustees, by and through their designated trustee Howard McDougall, are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries.

7. Defendant Meyer is a corporation organized under the laws of the State of Ohio.

## CLAIM FOR RELIEF

8. Meyer was obligated to contribute to the Pension Fund from at least January 1, 1994 to December 12, 2004 pursuant to a series of collective bargaining agreements executed between itself and Local Union 908.

9. Pursuant to the collective bargaining agreements with Local Union 908, Meyer was required to make weekly pension contributions to the Pension Fund on

behalf of certain of its employees.

10. The Pension Fund determined that Meyer had effected a complete withdrawal from the Pension Fund within the meaning of ERISA Section 4203, 29 U.S.C. § 1381.

11. On or about February 28, 2005, Meyer received from the Pension Fund a Notice and Demand for Payment of Withdrawal Liability pursuant to ERISA Sections 4202(2) and 4219(b)(1), 29 U.S.C. §§ 1382(2) and 1399(b)(1).

12. By letter dated April 5, 2005, Meyer requested that the Pension Fund review its withdrawal liability determination pursuant to ERISA Section 4219(b)(2)(A), 29 U.S.C. § 1399(b)(2)(A).

13. On September 23, 2005, Meyer initiated arbitration of the Pension Fund's withdrawal liability assessment in accordance with ERISA Section 4221, 29 U.S.C. § 1401, with the Chicago Regional Office of the American Arbitration Association ("AAA") in *E.J. Meyer & Sons, Inc. and Central States, Southeast and Southwest Areas Pension Fund*, No. 51 621 01533 05 (the "Arbitration").

14. The Arbitration was administered by the AAA in Chicago, Illinois, before Arbitrator Lawrence E. Katz, who had been selected by agreement of the Pension Fund and Meyer to hear the case.

15. On May 7, 2007, the Pension Fund and Meyer filed Motions for Summary Judgment.

16. In an award and decision dated October 17, 2007 (the "Decision"), Arbitrator Katz granted Meyer's Motion for Summary Judgment and denied the Pension Fund's Motion for Summary Judgment finding that Meyer qualified for the building and

construction industry exemption set forth in ERISA Section 4203(b)(1)(A), 29 U.S.C. § 1383(b)(1)(A).

19.  The determination that Meyer qualified for the building and construction industry exemption is erroneous.

**WHEREFORE**, the Plaintiffs request the following relief:

(a)  A judgment against the Defendant, and on behalf of Plaintiffs, pursuant to ERISA Sections 4221(b)(2) and 4301, 29 U.S.C. § 1401(b)(2) and 1451,

(1)  vacating or modifying the Decision and upholding the Pension Fund's assessment of withdrawal liability against Meyer;

(2)  requiring Meyer to pay all withdrawal liability payments pursuant to the schedule attached to the Notice and Demand; and

(3)  Award the Pension Fund its attorneys' fees and costs; and

(b)  For such further or different relief as this Court may deem proper and just.

Respectfully submitted,

*Cathy L. Rath*

Cathy L. Rath (ARDC # 62725744)
Attorney for Plaintiffs
Central States, Southeast and
Southwest Areas Pension Fund
9377 West Higgins Road
Rosemont, IL 60018-4938
(847) 518-9800, extension 2343

November 14, 2007