UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND AND HOWARD MCDOUGALL, TRUSTEE | ) ) ) ) | CASE No. 07-cv-06456 |
| | ) | JUDGE HIBBLER |
| Plaintiffs, | ) ) | ANSWER TO PLAINTIFFS' COMPLAINT AND |
| vs. | ) ) | COUNTERCLAIM |
| E. J. MEYER & SONS, INC. | ) ) | |
| Defendant. | ) ) ) | |

## I.   ANSWER

NOW COMES Defendant/Counter - Plaintiff E. J. Meyer & Sons, Inc. ("Meyer"), by and through its undersigned counsel, and for its Answer to the Complaint of Plaintiffs'/Counter-Defendants' Central States, Southeast and Southwest Areas Pension Fund ("Central States"), and Howard McDougall, one of its trustees, states as follows:

### Jurisdiction and Venue

1.   This is an action to vacate or modify an arbitration award issued under Section 4221(b)(2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 (the "MPPAA"), 29 U.S.C. § 1401(b)(2).

**ANSWER:**   Defendant admits the allegations contained in paragraph 1 of the Complaint.

2.   This Court has jurisdiction over this action pursuant to ERISA Sections 4221(b)(2) and 4301(c), 29 U.S.C. §§ 1401(b)(2) and 1451(c).

**ANSWER:**   Defendant admits the allegations contained in paragraph 2 of the Complaint.

3.   Venue lies in this Court under ERISA Sections 502(e)(2), 4221(b)(2) and 4301(d), 29 U.S.C. §§ 1132(e)(2), 1401(b)(2) and 1451(d), because the Central States, Southeast and Southwest Areas Pension Fund is administered at its principal place of business located in Rosemont, Cook County, Illinois.  Venue is also proper in this district pursuant to the terms of Appendix E to the Central States Pension Plan.

**ANSWER:**   Defendant admits the allegations contained in paragraph 3 of the Complaint.

## Parties

4.   Plaintiff the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") is a multiemployer pension plan within the meaning of ERISA Sections 3(37) and 4001(a)(3), 29 U.S.C. §§ 1002(37) and 1301(a)(3).

**ANSWER:**   Defendant admits the allegations contained in paragraph 4 of the Complaint.

5. Plaintiff Howard McDougall is a present trustee of the Pension Fund and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of ERISA Section 4001(a)(10), 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Cook County, Illinois.

**ANSWER:** Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. Pursuant to ERISA Sections 502(a)(3), 4221(b)(2), and 4301(a)(1), 29 U.S.C. §§ 1132(a)(3), 1401(b)(2) and 1451(a)(1), the Trustees, by and through their designated trustee Howard McDougall, are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries.

**ANSWER:** Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. Defendant Meyer is a corporation organized under the laws of the State of Ohio.

**ANSWER:** Defendant admits the allegations contained in paragraph 7 of the Complaint.

### Claim for Relief

8. Meyer was obligated to contribute to the Pension Fund from at least January 1, 1994 to December 12, 2004 pursuant to a series of collective bargaining agreements executed between itself and Local Union 908.

**ANSWER:** Defendant admits the allegations contained in paragraph 8 of the Complaint.

9. Pursuant to the collective bargaining agreements with Local Union 908, Meyer was required to make weekly pension contributions to the Pension Fund on behalf of certain of its employees.

**ANSWER:** Defendant admits the allegations contained in paragraph 9 of the Complaint.

10. The Pension Fund determined that Meyer had effected a complete withdrawal from the Pension Fund within the meaning of ERISA Section 4203, 29 U.S.C. § 1381.

**ANSWER:** Defendant admits the allegations contained in paragraph 10 of the Complaint.

11. On or about February 28, 2005, Meyer received from the Pension Fund a Notice and Demand for Payment of Withdrawal Liability pursuant to ERISA Sections 4202(2) and 4219(b)(1), 29 U.S.C. §§ 1382(2) and 1399(b)(1).

**ANSWER:** Defendant admits the allegations contained in paragraph 11 of the Complaint.

12. By letter dated April 5, 2005, Meyer requested that the Pension Fund review its withdrawal liability determination pursuant to ERISA Section 4219(b)(2)(A), 29 U.S.C. § 1399(b)(2)(A).

**ANSWER:** Defendant admits the allegations contained in paragraph 12 of the Complaint.

13. On September 23, 2005, Meyer initiated arbitration of the Pension Fund's withdrawal liability assessment in accordance with ERISA Section 4221, 29 U.S.C. § 1401, with the Chicago Regional Office of the American Arbitration Association ("AAA") in *E. J. Meyer & Sons, Inc. and Central States, Southeast and Southwest Areas Pension Fund*, No. 51 621 01533 05 (the "Arbitration").

**ANSWER:** Defendant admits the allegations contained in paragraph 13 of the Complaint.

14. The Arbitration was administered by the AAA in Chicago, Illinois, before Arbitrator Lawrence E. Katz, who had been selected by agreement of the Pension Fund and Meyer to hear the case.

**ANSWER:** Defendant admits the allegations contained in paragraph 14 of the Complaint.

15. On May 7, 2007, the Pension Fund and Meyer filed Motions for Summary Judgment.

**ANSWER:**  Defendant admits the allegations contained in paragraph 15 of the Complaint.

16. In an award and decision dated October 17, 2007 (the "Decision"), Arbitrator Katz granted Meyer's Motion for Summary Judgment and denied the Pension Fund's Motion for Summary Judgment finding that Meyer qualified for the building and construction industry exemption set forth in ERISA Section 4203(b)(1)(A), 29 U.S.C. § 1383(b)(1)(A).

**ANSWER:**  Defendant admits the allegations contained in paragraph 16 of the Complaint.

19.[1]  The determination that Meyer qualified for the building and construction industry exemption is erroneous.

**ANSWER:**  Meyer denies the allegations of this paragraph 19 of Central States' Complaint.

WHEREFORE, Meyer requests that this Court enter an order denying Plaintiffs/Counter-Defendants' claim in its entirety and enter judgment in favor of Meyer and against Central States and Howard McDougall, with costs and fees awarded for Meyer, and for other such relief as this Court deems just and proper.

**ANSWER:**  Meyer denies that Plaintiffs are entitled to any relief.

---

[1] Plaintiffs' Complaint skips from paragraph 16 to paragraph 19.  This Answer follows this numbering.

## II.    COUNTERCLAIM

Defendant/Counter-Plaintiff, E. J. Meyer & Sons, Inc. ("Meyer"), by counsel and pursuant to 29 U.S.C. §§ 1401 and 1451, as its Counterclaim against Plaintiffs/Counter-Defendants, Central States, Southeast and Southwest Areas Pension Fund ("Central States") and Howard McDougall, states as follows:

### Venue and Jurisdiction

1.    This is an action to confirm and enforce an arbitration award issued in favor of Meyer and against Central States.

2.    This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multi-employer Pension Plan Amendment Act of 1980 ("MPPAA").

3.    This Court has exclusive jurisdiction over this matter without regard to the amount in controversy pursuant to 29 U.S.C. § 1451(c).

4.    Meyer, an Ohio corporation with its principal office located in Ottawa, Ohio, was engaged in the business of road, bridge, and sewer construction projects.

5.    Central States is a multi-employer pension plan (the "Plan") within the meaning of 29 U.S.C. §§ 1002(37) and 1301(a)(3).  Central States is administered from its principal office located in Rosemont, Illinois.

6.    Howard McDougall is one of the trustees of Central States; such trustees are the Plan sponsor of Central States within the meaning of 29 U.S.C. 1301(a)(10).

**The Arbitration Award**

7. Meyer contributed to Central States from at least January 1, 1994 through December 12, 2004.

8. On February 23, 2005, Central States issued a Notice and Demand for Payment of a 2004 complete withdrawal in the principal amount of $304,876.44 based upon its belief that Meyer had effected a "complete withdrawal" within the meaning of 29 U.S.C. § 1381.

9. On April 5, 2005, Meyer requested a review of the withdrawal liability assessment by Central States.

10. Central States ignored Meyer's request for review.

11. On September 23, 2005, Meyer filed a Notice of Intent to Arbitrate the assessment pursuant to 29 U.S.C. § 1401, *et seq*. The parties agreed to an arbitrator and engaged in discovery and briefing.

12. Following the filing of cross-motions for summary judgment, the arbitrator ruled in favor of Meyer on the issues of whether Meyer was entitled to the building and construction industry exemption from withdrawal liability pursuant to ERISA § 4203(b), 29 U.S.C. 1383(b)(1)(A).

13. The arbitrator determined that Central States' 2004 complete withdrawal liability assessment of $304,876.44 was clearly invalid due to application of the building and construction industry exception, and directed Central States to refund all payments made by Meyer to Central States as a result of the 2004 complete withdrawal liability assessment with interest in accordance with 29 C.F.R. § 4219.31(d).

14.   The Award is binding upon the parties and requires Central States' immediate compliance.

15.   Central States has refused to comply with the Award.

16.   Pursuant to 29 U.S.C. § 1401, and the rules and regulations governing the Plan, the Award is properly confirmable and enforceable in this Court.

WHEREFORE, Meyer requests this Court for the following relief:

A. To Enforce the Award entered against Central States compelling Central States' immediate compliance with the Award, including the immediate refund of the sum of $109,984.40, which represents the overpayment made by Meyer to Central States in the amount of $98,717.33 and interest on the overpayment through October, 2007, in the amount of $11,267.07, plus interest upon the overpayment at the rate of two percent plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the 15th day of the month for which interest is charged from October 17, 2007 until the refund is paid in full;

B. For Meyer's costs and attorney fees seeking Central States' compliance; and

C. For all other necessary and proper relief in the premises.

Dated: November 16, 2007

                Respectfully Submitted,

                s/   Heather A. Bailey
                Heather A. Bailey
                Connelly Sheehan Harris LLP
                150 S. Wacker Drive, #1600
                Chicago, Illinois 60606
                (312) 372-1969
                (312) 372-1968 (facsimile)
                Email: hbailey@csh-law.com

                Scott A. Lefelar
                MILLISOR & NOBIL CO., L.P.A.
                9150 South Hills Blvd., Suite 300
                Cleveland, OH  44147
                (440) 838-8800 – Telephone
                (440) 838-8805 – Telecopier
                E-mail:  slefelar@millisor.com

                Attorneys for Defendant,
                E. J. Meyer and Sons, Inc.

**Certificate of Service**

The undersigned attorney certifies that on November 16, 2007 she caused the foregoing Defendant's **Answer to Plaintiffs' Complaint and Counterclaim** to be served electronically *via* the CM-ECF System and U.S. Mail to:

Cathy L. Rath
Laura B. Bacon
Edward H. Bogle
John J. Franczyk, Jr.
Central States Law Department
9377 W. Higgins Road, 10th Floor
Rosemont, IL 60018
847-518-9800
847-518-9797 (facsimile)

s/ Heather A. Bailey
Heather A. Bailey