# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and HOWARD MCDOUGALL, Trustee, | )<br>)<br>)<br>) |
| Plaintiffs/Counter-Defendants, | ) Case No. 07 C 6456 |
| vs. | ) Judge Hibbler<br>)<br>) |
| E.J. MEYER & SONS, INC., an Ohio corporation, | )<br>)<br>) |
| Defendant/Counter-Plaintiff. | ) |

## ANSWER TO COUNTER-CLAIM

NOW COME the Plaintiffs/Counter-Defendants the Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, Trustee (collectively, "Central States"), and for its Answer to the Counter-Claim of E.J. Meyer & Sons, Inc. ("Meyer"), states as follows:

### Venue and Jurisdiction

1.  This is an action to confirm and enforce an arbitration award issued in favor of Meyer and against Central States.

**ANSWER:** Central States admits the allegations of this paragraph.

2.      This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multi-employer Pension Plan Amendment Act of 1980 ("MPPAA").

**ANSWER:**   Central States admits the allegations of this paragraph.

3.      This Court has exclusive jurisdiction over this matter without regard to the amount in controversy pursuant to 29 U.S.C. § 1451(c).

**ANSWER:**   Central States admits the allegations of this paragraph.

4.      Meyer, an Ohio corporation with its principal office located in Ottawa, Ohio, was engaged in the business of road, bridge, and sewer construction projects.

**ANSWER:**   Central States admits the allegations of this paragraph.

5.      Central States is a multi-employer pension plan (the "Plan") within the meaning of 29 U.S.C. §§ 1002(37) and 1301(a)(3).  Central States is administered from its principal office located in Rosemont, Illinois.

**ANSWER:**   Central States admits the allegations of this paragraph.

6.      Howard McDougall is one of the trustees of Central States; such trustees are the Plan sponsor of Central States within the meaning of 29 U.S.C. § 1301(a)(10).

**ANSWER:**   Central States admits the allegations of this paragraph.

## The Arbitration Award

7.  Meyer contributed to Central States from at least January 1, 1994 through December 12, 2004.

   **ANSWER:**  Central States admits the allegations of this paragraph.

8.  On February 23, 2005, Central States issued a Notice and Demand for Payment of a 2004 complete withdrawal in the principal amount of $304,876.44 based upon its belief that Meyer had effected a "complete withdrawal" within the meaning of 29 U.S.C. § 1381.

   **ANSWER:**  Central States admits that on February 23, 2005, it issued to Meyer a Notice and Demand for Payment of withdrawal liability pursuant to ERISA Sections 4202(2) and 4219(b)(1), 29 U.S.C. §§ 1382(2) and 1399(b)(1), in the principal amount of $304,876.44 for a 2004 as a result of Meyer's incurring a 2004 complete withdrawal from the Pension Fund within the meaning of ERISA Section 4201, 29 U.S.C. § 1381.  Central States denies the remaining allegations of this paragraph.

9.  On April 5, 2005, Meyer requested a review of the withdrawal liability assessment by Central States.

   **ANSWER:**  Central States admits the allegations of this paragraph.

10.  Central States ignored Meyer's request for review.

   **ANSWER:**  Central States denies the allegations of this paragraph.

11.  On September 23, 2005, Meyer filed a Notice of Intent to Arbitrate the assessment pursuant to 29 U.S.C. § 1401, *et. seq.*  The parties agreed to an arbitrator and engaged in discovery and briefing.

**ANSWER:**    Central States admits the allegations of this paragraph.

12.    Following the filing of cross-motions for summary judgment, the arbitrator ruled in favor of Meyer on the issues of whether Meyer was entitled to the building and construction industry exemption from withdrawal liability pursuant to ERISA § 4203(b), 29 U.S.C. § 1383(b)(1)(A).

**ANSWER:**    Central States admits the allegations of this paragraph.

13.    The arbitrator determined that Central States' 2004 complete withdrawal liability assessment of $304,876.44 was clearly invalid due to application of the building and construction industry exception, and directed Central States to refund all payments made by Meyer to Central States as a result of the 2004 complete withdrawal liability assessment with interest in accordance with 29 C.F.R. § 4219.31(d).

**ANSWER:**    Central States admits that on or about October 17, 2007 Arbitrator Katz issued a final decision in favor of Meyer.  Central States denies the remaining allegations of this paragraph.

14.    The Award is binding upon the parties and requires Central States' immediate compliance.

**ANSWER:**    Central States denies the allegations of this paragraph.

15.    Central States has refused to comply with the Award.

**ANSWER:**    Central States denies the allegations of this paragraph.

16.     Pursuant to 29 U.S.C. § 1401, and the rules and regulations governing the Plan, the Award is properly confirmable and enforceable in this Court.

**ANSWER:**   Central States denies the allegations of this paragraph.

**WHEREFORE**, Plaintiffs the Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, one of its present Trustees, request that this Honorable Court enter an order denying the Counterclaim in its entirety and enter judgment in favor of Plaintiffs and against Defendant, with costs and fees awarded to Plaintiffs, and for such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ Cathy L. Rath
Cathy L. Rath
One of the Attorneys for
Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, Trustee
9377 West Higgins Road
Rosemont, IL 60018
(847) 518-9800, Extension 2343

December 6, 2007

## CERTIFICATE OF SERVICE

I, Cathy L. Rath, one of the attorneys for the Central States, Southeast and Southwest Areas Pension Fund, certify that on December 6, 2007, I caused the foregoing Answer to Counter-claim to be filed electronically. This filing was served on all parties indicated on the electronic filing receipt via the Court's electronic filing system.

    /s/ Cathy L. Rath
Cathy L. Rath
One of Central States' Attorneys